UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFREY ROY CROSBY, ) | |
|                 Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:15-cv-00349-WTL-DKL |
| ) | |
| CHARLES A. DANIELS, Warden, ) | |
| ) | |
|                 Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition as to the petition for writ of habeas corpus of Jeffrey Roy Crosby based on the following facts and circumstances:

      1.     Crosby was convicted on two counts of solicitation to murder a federal probation officer in violation of 18 U.S.C. §§ 373 and 1114 in the United States District Court for the District of South Carolina in No. 4:95-CR-00619-CWH-1. On August 29, 1996, Crosby was sentenced on both counts to a term of imprisonment of 365 months. Crosby filed a direct appeal. The United States Court of Appeals for the Fourth Circuit denied relief on all grounds and affirmed his conviction and sentence on April 2, 1998. *United States v. Crosby*, 139 F.3d 893 (4th Cir. 1998).

2. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). A petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

3. A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C.Cir. 1986).

4. Crosby followed the customary path—at least at first.

   a. After his direct appeal, he filed a motion for relief pursuant to § 2255(a) on June 9, 1999. The motion was denied. On March 13, 2001, the Fourth Circuit Court of Appeals denied Crosby's application for a certificate of appealability. *See United States v. Crosby,* 2006 WL 3220690 (4th Cir. Nov. 7, 2006).

   b. On February 20, 2004, Crosby filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Florida. The petition was construed as a § 2255 motion, transferred to the trial court and then denied for lack of jurisdiction.

   c. Another motion for relief pursuant to 28 U.S.C. § 2255 was filed in trial court on January 26, 2006. It also was dismissed as an unauthorized second or successive petition.

    d.    The trial court then considered and rejected Crosby's petition for a writ of error coram nobis. *Crosby v. United States*, 2013 WL 2566138 (D.S.C. June 11, 2013).

    e.    In November 2007, Crosby filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of New York. The dismissal of that petition for lack of jurisdiction, see *Crosby v. Warden,* 2008 WL 5234293 (N.D.N.Y. Dec.15, 2008), was affirmed in *Crosby v. Brook*, 353 F. App'x 591 (2d Cir. 2009).

    f.    Crosby also filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania on April 21, 2009. That petition was denied in *Crosby v. Warden,* 2009 WL 1609400 (M.D.Pa. June 9, 2009) *aff'd sub nom. Crosby v. Warden, USP Canaan,* 425 F. App'x 109 (3d Cir. 2011).

    g.    The next challenge was also a habeas petition filed pursuant to 28 U.S.C. § 2241(c)(3) and was denied. *Crosby v. United States*, 2011 WL 6986789 (C.D.Cal. Dec. 15, 2011) *report and recommendation adopted,* 2012 WL 84768 (C.D.Cal. Jan. 11, 2012). A certificate of appealability was denied by the Ninth Circuit on January 22, 2013 in No. 12-551203.

    h.    A further challenge brought in the Central District of California was dismissed for lack of jurisdiction because it was a § 2255 motion disguised as a § 2241 petition, the court in which the petition was filed did not have jurisdiction over a motion for relief pursuant to 28 U.S.C. § 2255, and the trial court had already acted on a 28 U.S.C. § 2255 motion, rendering the possible transfer of the petition futile. *Crosby v. Ives*, 2014 WL 6884017 (C.D.Cal. Dec. 3, 2014).

5.    The present action was then filed on November 4, 2015. Crosby was notified of the requirements of satisfying the Savings Clause of 28 U.S.C. § 2255(e)—the requirements are that a habeas petitioner must (1) rely on a new, retroactive case not available when he moved under 28 U.S.C. § 2255 that (2) interprets a statute in a way that (3) decriminalizes the crime of conviction, *see Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)--and given an opportunity to show that this action can proceed under 28 U.S.C. § 2241(c)(3). Crosby responded through his filing of November 25, 2015. Procedurally, the matter is now before the court for its initial review.

6.    Crosby is thus approaching the 20th anniversary of being sentenced. By the reckoning just reviewed, he has filed a direct appeal, he has filed at least three collateral challenges in the trial court (including the one which was filed elsewhere but transferred to the trial court),

and he has filed and completed at least four collateral challenges in his district of confinement pursuant to 28 U.S.C. § 2241(c)(3)**.** The present case is the fifth habeas filing which the court has located.

7. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

8. The 28 U.S.C. § 2255 action Crosby filed provided him with all the opportunity the law contemplates. His motion was denied. Despite his dissatisfaction with the outcome, he is not entitled to use § 2241 for another bite at the post-conviction apple. *Garza v. Lappin,* 253 F.3d 918, 922 (7th Cir. 2001)("The mere fact that Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing."). As one district judge has explained:

> The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.

*Irwin v. Fisher*, 2009 WL 1954451, *3 (D.Minn. July 6, 2009); *see also Buford v. Superintendent,* 2008 WL 2783257, *4 (S.D.Ind. July 16, 2008)("The above circumstances show that Buford's § 2241 habeas claim *was* presented and rejected in an action pursuant to 28 U.S.C. § 28 U.S.C. § 2255 . . . that Buford has not advanced a legal theory which establishes his actual innocence. . . . [and] that Buford has not carried his burden of showing that his § 2241 habeas claim can be considered here because § 2255 is inadequate or ineffective to test the legality of his detention.").

This action is also completely aligned with the analysis of Judge Caputo of the Middle District of Pennsylvania:

> The allegations of Mr. Santos' habeas petition do not suggest he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a petition under 28 U.S.C. § 2255 would be ineffective or inadequate. Clearly this is not a situation where Mr. Santos did not have a prior opportunity to raise the claims presented in his petition. Petitioner filed a motion pursuant to § 2255, raising many of the same claims. He may not file a § 2241 petition simply because he is dissatisfied with the results of his previous § 2255 petition. The remedy afforded under § 2241 is not intended as an additional, alternative, or supplemental remedy to that prescribed under § 2255. Thus, upon careful review, the representations of Felix Santos' present petition are simply insufficient to persuade the Court that 28 U.S.C. § 2255 would be either ineffective or inadequate to test the legality of his detention. Furthermore, Petitioner does not suggest he stands convicted for conduct later deemed to be noncriminal by a change in law allowing him to invoke the "savings clause" of § 2255(e).

*Santos v. United States*, 2010 WL 181744, at *2 (M.D.Pa. Jan. 13, 2010). These are not new insights. "Something more than mere disagreement [with the previous habeas court] must be shown to justify a successive habeas petition." *Williams v. Lockhart,* 862 F.2d 155, 158 (8th Cir. 1988)(quoting *Walker v. Lockhart,* 726 F.2d 1238, 1250 (8th Cir.)(en banc)(Arnold, J., concurring), *cert. dismissed,* 468 U.S. 1222 (1984)).

9.  "28 U.S.C. § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review." *Farrugia v. Warden, USP-Terre Haute*, 2015 WL 1565008, at *5 (S.D.Ind. Apr. 7, 2015).

10.  A "federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 28 U.S.C. § 2255 motion." *Hill v. Werlington*, 695 F.3d 644, 648 (7th Cir. 2012). Crosby has not met that burden. Instead, based on the foregoing explanation, Crosby has sought relief pursuant to 28 U.S.C. § 2241 under

circumstances which do not permit or justify the use of that remedy. This is apparent from the face of his petition, together with the history of the conviction he now challenges. His petition for a writ of habeas corpus is **denied**.

      Judgment consistent with this Entry shall now issue.

      IT IS SO ORDERED.

Date: 1/5/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ROY CROSBY
01961-043
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808